THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.         Case No. 2:25-mj-00330-DLM

CRISTHIAN ADRIAN ORTEGA-LOPEZ,

    Defendant.

## DEFENDANT'S OPPOSED MOTION TO DENY GOVERNMENT'S MOTION TO RECONSIDER AND VACATE DETENTION HEARING

Defendant, Cristhian Adrian Ortega-Lopez, through counsel of record Chaz Rotenberg and Gia McGillivray, Assistant Federal Public Defenders, hereby moves this Court to deny the Government's Motion to Reconsider Pretrial Release Order ("Motion to Reconsider") (Doc. 32) and vacate the detention hearing on April 30, 2025, based on the following:

1. Pursuant to 18 U.S.C. § 3142(f)(2), the Court should deny the Motion to Reconsider on procedural grounds because it contains information that was known to the Government at the initial detention hearing on March 14, 2025, (Docs. 14, 18, 32). *See United States v. Alderete*, 336 F.R.D. 240, 263 (D.N.M. 2020) ("The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that *information exists that was not known to the movant at the time of the hearing and* that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.") (quoting 18 U.S.C. § 3142(f)) (emphasis added).

2. Federal agents arrested the Defendant and seized his cell phones on February 28, 2025. (*See* Doc. 1.) That same day, the Defendant consented to the search of his cell phones.

3. The Motion to Reconsider does not specify when the cell phone information was known to the Government, but it concedes that agents seized the Defendant's cell phones on February 28, 2025. (Doc. 32 at 13); 18 U.S.C. § 3142(f)(2).

4. On April 16, 2025, the Government provided extraction reports from the Defendant's cell phones. Based on those reports, the Government extracted the Defendant's cell phone data on March 13, 2025—prior to the initial detention hearing.

5. The Government's arguments and the information relied on in their Motion to Reconsider that derive from the Defendant's cell phones is improperly before this Court. *See* 18 U.S.C. § 3142(f)(2).

6. Accordingly, the Defendant respectfully requests that the Court deny the Motion to Reconsider and vacate the detention hearing scheduled for April 30, 2025.

7. In the alternative, the Defendant respectfully requests that the Court convert the April 30, 2025 hearing to an evidentiary hearing on the narrow issue of what information from the Motion to Reconsider constitutes "new evidence" under 18 U.S.C. § 3142(f).

8. Defense counsel contacted Assistant United States Attorney Maria Armijo regarding the Government's position on this motion, and the Government stated they oppose.

9. Finally, the Defendant respectfully requests that the Court rules on these requests before April 30, 2025.

WHEREFORE, the Defendant respectfully requests that the Court deny the Government's Motion to Reconsider and vacate the detention hearing set for April 30, 2025.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main, Suite 400
Las Cruces, NM 88001
(575) 527-6930

**Electronically filed (April 17, 2025)**
By: */s/ Chaz Rotenberg*
Chaz Rotenberg
Assistant Federal Public Defender

Gia McGillivray
Assistant Federal Public Defender

3