IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 25-MJ-330-DLM |
| ) | |
| **CRISTHIAN ORTEGA-LOPEZ**, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DENY**

The United States of America responds to Defendant's Opposed Motion to Deny Government's Motion to Reconsider and Vacate Detention Hearing, Doc. 34, and requests this Court to deny the motion.

**I.     BACKGROUND**

On February 28, 2025, two search warrants were executed in connection with an investigation into the Defendant and his roommates, who were illegal aliens from Venezuela and suspected members of a criminal gang, at 1220 N. Reymond St., Las Cruces, New Mexico. The Defendant and his roommates were taken into custody. Agents seized approximately nine cellphones during the execution of the search warrant.

On March 3, 2025, a criminal complaint was filed charging Defendant with being an unlawful alien in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(5). Doc. 1.

On March 3, 2025, the Defendant appeared in Las Cruces for his initial appearance on the criminal complaint before U.S. Magistrate Judge Damian Martinez. Doc. 3.

On March 13, 2025, HSI Special Agent Briana Vigil dropped off the cellphones to the New Mexico HIDTA Investigative Support Center. The extraction process took place on March 14, 2025.

Also on March 14, 2025, United States Magistrate Judge Damian L. Martinez held a detention hearing. Ultimately, Judge Martinez found the Defendant was not a flight risk or danger to the community and ordered the Defendant be released.

On March 17, 2025, the Government filed a Notice of Appeal of Order Setting Conditions of Release. Doc. 13.

On March 18, 2025, SA Vigil picked up the cellphones from HIDTA after being notified that the extractions were complete. Although HSI Special Agent Briana Vigil previously had physical custody of the cellphones, she never physically examined the cellphones until after she picked them up after an extraction was completed of the cellphones.

On March 28, 2025, the Government filed a Brief in Support of the Notice of Appeal. Doc. 29.

On April 1, 2025, the Honorable Margaret Strickland issued an order remanding the Government's Appeal to United States Magistrate Judge Damian Martinez. The United States was given seven days to file a Motion for Reconsideration before Judge Martinez so he may consider whether the Government's new facts and evidence support an order of detention. *See* Doc. 30.

On April 8, 2025, the United States filed a Motion for Reconsideration. Doc. 32. The hearing was scheduled for April 30, 2025. Doc. 33.

On April 17, 2025, the Defendant filed an Opposed Motion for Order to Deny Government's Motion to Reconsider and Vacate Detention Hearing. Doc. 34

**II.    ARGUMENT**

The Defendant is asserting that the Government's Motion to Reconsider is improperly before the Court arguing that the "Government extracted the Defendant's cell phone data on March 13, 2025, prior to the initial detention hearing. Doc. 34 at 2. As such, Defendant is asserting that there is no "new evidence" under 18 U.S.C. § 3142(f). *Id.* In the alternative, Defendant is requesting the Court set "an evidentiary hearing on the narrow issue of what information from the Motion to Reconsider constitutes 'new evidence' under 18 U.S.C. § 3142(f). *Id*.

At the hearing on March 14, 2025, the United States was not able to provide the Court with information from the cellphone extractions as they had not been completed and turned over to the case agent by the time of the hearing.

As to exhibits that were "not known to the movant at the time of the hearing" that have a material bearing on the issue of release, the Government did not know about the following exhibits given that they were part of the cellphone extraction: Exhibits 5D, 6A, 6B, 7C, 10, 11, 12a, 12b, 12c, and 12d. *See* Doc. 32. Thus, the motion to reconsider is properly before this Court.[1]

**III.   CONCLUSION**

The Defendant's Motion to Deny Government's Motion to Reconsider and Vacate Detention Hearing should be denied. Should this Court grant Defendant's Motion, the United States requests a stay of the order to release for 72 hours to allow the United States an opportunity to file a Motion to Appeal.

---

[1] The United States may have additional evidence to present at the hearing depending on the timing of the return of additional legal process that is currently pending.

**WHEREFORE**, the United States respectfully requests that the Court deny Defendant's Motion to Deny the Government's Motion to Reconsider.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/ Electronically filed 4/18/2025*
MARIA YSABEL ARMIJO
Assistant United States Attorney

ELIZABETH TONKIN
Special Assistant United States Attorney

200 N. Church Street
Las Cruces, New Mexico 88001

I HEREBY CERTIFY that on April 18, 2025
I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF electronic
filing system which will send notification to all
counsel of record.

*/s/ Electronically filed 4/18/2025*
MARIA YSABEL ARMIJO
Assistant United States Attorney